# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CHUBB EUROPEAN GROUP SE,

        Plaintiff,

v.

C.H. ROBINSON INTERNATIONAL,
INC. AND C.H. ROBINSON FREIGHT
SERVICES, LTD (D/B/A CHRistal Lines),

        Defendants.

Court File No._____

**COMPLAINT**

Plaintiff CHUBB EUROPEAN GROUP SE, by and through its attorneys, Chestnut Cambronne PA, and as for its Complaint, alleges upon information and belief as follows:

## PARTIES

1.     At all material times, CHUBB EUROPEAN GROUP SE (hereinafter "CHUBB" or "Plaintiff") was and is a public company, registered in accordance with the corporate law of the European Union with its offices located at 100 Leadenhall Street, London EC3A 3BP, United Kingdom and is the subrogated underwriter of the consignment of line parts for a can-coating production plant, as more specifically described below.

2.     At all material times, Defendant C.H. ROBINSON INTERNATIONAL, INC. (hereinafter "C.H. ROBINSON" or "Defendant") was and is a Minnesota corporation with its principal office located at 14701 Charlson Road, Eden Prairie, Minnesota 55347.

3.     At all material times, Defendant C.H. ROBINSON FREIGHT SERVICES, LTD D/B/A CHRistal Lines (hereinafter "CHR" or "Defendant") was and is an Illinois corporation that maintains an office and/or operates out of a location at 114701 Charlson Road, Eden Prairie, Minnesota 55347.

4.     Defendant C.H. ROBINSON and Defendant CHR (collectively "Defendants") conduct business as a common carrier of goods for hire.

5.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interests in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## JURISDICTION AND VENUE

6.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. § 1333(1).

7.      Venue is predicated upon the provisions of Defendants' bill of lading, which expressly provides that all claims arising out of said bill of lading or related to carriage under said bill of lading shall be brought in the United States District Court for the District of Minnesota.

## FACTUAL ALLEGATIONS

8.      Plaintiff repeats, reiterates, and realleges each and every allegation set forth in Paragraphs 1 through 7 above as though fully set forth herein.

9.      On or about November 11, 2021, COMEC SRL, a corporation organized and existing by virtue of the laws of the foreign state of Italy, in its capacity as merchant/consignor/seller, contracted with Defendants, as the freight forwarder/carrier, to transport consignments from Port Livorno, Italy to Querétaro, Mexico consisting of 6 boxes of line parts for a can-coating production plant.

10.      It was agreed in writing by COMEC SRL and Defendants that the value of the goods to be shipped, namely the six boxes of parts, was no less than € 200,00.00, as set forth invoice no. 21004032.

11.      On or before November 11, 2021, the consignment consisting of 6 boxes of line parts, then being in good order and condition, was loaded into a 40'

3

ocean shipping container provided by defendants bearing the label HLBU813628/2. .

12.     Pursuant to CHR bill of lading number 373428366, signed by or on behalf of Defendants on November 11, 2021, the transportation of the aforementioned consignment was all arranged in consideration of an agreed upon freight.

13.     On or about November 11, 2021, the aforementioned shipping container was delivered into the custody and control of Defendants and/or their respective agents, and thereafter Defendants and/or their agents.

14.     On or about November 11, 2021, the container was loaded on the m/s "Seaspan Saigon" at the port of Livorno, Italy for transportation to Veracruz, Mexico.

15.     On or about December 4, 2021, the vessel arrived at the port of Veracruz, Mexico.

16.     On or about December 5, 2021, the container was unloaded from the vessel by Defendants and/or its agents.

17.     On or about December 7, 2021, the container, in good and undamaged condition, was loaded onto a trailer truck by Defendants' agents and picked up for

ground transportation by Logistica Unida de Transportista Sa de Cv (hereinafter "Lutsa"), a company commissioned by and serving as agents for Defendants to transport the container from the port of Veracruz to its the final destination in Querétaro, Mexico.

18.    On December 8, 2021, while en route to its final destination, the container fell off the truck as it went over a curve and tipped over on the right side of the highway, causing damage to the container and its contents.

19.    An investigation was conducted as to the nature of the loss and scope of the damage and, ultimately, it was determined that Defendants and/or its agents had failed to properly secure the container on the trailer truck. As a direct and proximate result thereof, the container fell from the truck and caused significant damage to both the container and the contents thereof.  More specifically, it was determined that all component parts comprising the consignment/goods in Defendants' custody and control had completely collapsed on each other; all parts were bent, overturned, and disordered with varying degrees of mechanical damage, including deformations, breaks, and abrasions.

20.    As a direct result of the loss and/or damage, COMEC SRL sustained a loss of property in the amount of € 204,127.00.

21.     At all times material hereto, a contract for insurance of property damage was in effect between COMEC SRL and CHUBB, which provided coverage for, among other things, loss or damage to the consignment.

22.     Pursuant to the contract for insurance, COMEC SRL submitted a claim to CHUBB for the loss of property set forth above, and, thereafter on or about May 16, 2022, CHUBB paid € 204,127.00 to COMEC SRL for the loss and damaged property.

23.     Said monies were paid by CHUBB to COMEC SRL to the detriment of CHUBB due to the damages sustained during transit caused solely by Defendants and/or their agents.

24.     Pursuant to the terms of the insurance contract between CHUBB and COMEC SRL, and the terms of certain Claim Receipt and Subrogation Form executed by COMEC SRL in favor of CHUBB on or about May 16, 2022 in exchange for payment of € 204,127.00, COMEC SRL granted CHUBB all rights or actions resulting from its claim against third parties, such as Defendants, so that CHUBB now holds the right to assert such action in lieu of COMEC SRL against Defendants.

25.     Therefore, CHUBB has an equitable right of subrogation and is subrogated to the rights of its insured, COMEC SRL, with respect to any and all claims for or damages against Defendants.

26.     By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than € 204,127.00.

27.     The damage suffered to the subject shipment was not the result of any act or omission by COMEC SRL or Plaintiff, but to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and breach of bailment on the part of Defendants and/or their respective agents.

28.     Based on the foregoing, Plaintiff has a valid and enforceable claim against Defendants, and Defendants are liable to Plaintiff for any and all such damages and losses complained of herein.

## COUNT I
## BREACH OF CONTRACT

29.     Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs of this Complaint as if fully set forth herein.

30.     On or about November 11, 2021, Defendants entered into a contract with COMEC SRL to transport certain goods on its behalf from Italy to Mexico.

31.     Defendants represented that they and/or their agents would transport said goods safely and ensure that the goods would be delivered in the same condition that they were given to Defendants.

32.     As good and fair consideration for said promises, Defendants received payment for said freight services.

33.     Defendants, however, breached the contract by failing to ensure that the goods arrived safely, and more specifically, failing to exercise the care promised in securing the goods for transportation.

34.     As a result thereof, the goods were severely damaged and COMEC SRL sustained a loss of no less than € 204,127.00.

35.     COMEC SRL submitted a claim to Plaintiff, its insurer, as a result of the loss.

36.     Plaintiff paid COMEC SRL in the amount of € 204,127.00 for the damage sustained, and in exchange therefor, COMEC SRL transferred all of its rights, claims, and interests against Defendants to CHUBB, including the right of subrogation for CHUBB to recover said monies paid.

37.     Therefore, as a result of Defendants' breach of contract, Plaintiff has been damaged in an amount no less than € 204,127.00, which amounts shall be

proven at trial, and to which it seeks compensation for as damages, including all interests owed thereon, and recovery of its costs incurred in bringing this action.

## COUNT II
## BREACH OF BAILMENT

38.     Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs of this Complaint as if fully set forth herein.

39.     Pursuant to their obligations, Defendants, as bailees for hire for Plaintiff's cargo, pursuant to the assignment of rights and Plaintiff's rights for subrogation, owed contractual and statutory duties to Plaintiff to carry, bail, keep for care, to protect and deliver Plaintiff's cargo in the same good order and condition as it was when  Defendants first accepted custody and control of the goods.

40.     Defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the cargo in the same good order and condition as at the time Defendants first accepted custody and control of the goods.

41.     As a direct and proximate result of the breach of bailment by Defendants, Plaintiff has suffered damages in the approximate amount of € 204,127.00.

42.     By reason of the foregoing, Plaintiff has sustained loses which will be specifically shown at trial, no part of which has been paid, although demanded, which are presently estimated to be no less than € 204,127.00.

## COUNT III
## NEGLIGENCE

43.     Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs of this Complaint as if fully set forth herein.

44.     Defendants owed a duty to Plaintiff to carry, bail, keep and care for, protect and deliver the cargo in the same good order and condition as at the time Defendants first accepted custody and control of the goods.

45.     Defendants were negligent in exercising their duty to carry, bail, keep and care for, and protect and deliver the cargo in the same good order and condition as at the time Defendants first accepted custody and control of the goods, namely by failing to ensure that the goods and container in which said goods were stored were properly secured to the trailer truck for transport.

46.     As a direct and proximate result, Plaintiff has suffered damages in the amount of no less than € 204,127.00.

47.     By reason of the foregoing, Plaintiff has sustained losses, which will be shown with specificity at trial, no part of which has been paid, though demand made, which are presently estimated to be no less than € 204,127.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant relief as follows:

1. Award a judgment in favor of Plaintiff and against Defendants, jointly and severally, for all of Plaintiff's damages sustained herein, in an amount to be determined at trial, plus statutory interest on all accrued claims.

2. For an order of this Court awarding the Plaintiff's costs, disbursements, and reasonable attorneys' fees.

3. For such other and further relief as the Court deems just and equitable.

Dated:  December 6, 2022

**CHESTNUT CAMBRONNE PA**

By s/ Jennifer J. Crancer
    Brian Toder (#17869)
    Francis J. Rondoni (#121903)
    Jennifer J. Crancer (#396959)
    100 Washington Ave, Suite #1700
    Minneapolis, MN 55401
    Telephone: (612) 339-7300
    btoder@chestnutcambronne.com
    frondoni@chestnutcambronne.com
    jcrancer@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**